IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JUSTIN GRANT,[1] | § |
| | § No. 283, 2015 |
| Respondent Below- | § |
| Appellant, | § |
| | § Court Below—Family Court |
| v. | § of the State of Delaware, |
| | § in and for Sussex County |
| DARLENE E. GRANT, | § File No. CS13-01248 |
| | § Petition No. 14-10248 |
| Petitioner Below- | § |
| Appellee. | § |

Submitted: February 26, 2016
Decided: April 25, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

# **O R D E R**

This 25th day of April 2016, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)  The appellant, Justin Grant ("the Husband"), filed this appeal from a Family Court decision dated May 5, 2015.  Among other things, the Family Court's order divided the parties' assets and debts ancillary to their divorce, awarded alimony to the appellee, Darlene Grant ("the Wife"), and also awarded the Wife her reasonable attorney fees associated with the Wife's First Request for Production of Documents and Motion for Default Order.  After careful

---

[1] The Court assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

consideration, we find no merit to the Husband's appeal. Accordingly, we affirm the Family Court's judgment.

(2) The record reflects that the parties were married on June 1, 2002 and were divorced on June 5, 2014. On February 9, 2015, the Family Court held a hearing on ancillary matters. Both parties testified. The Family Court found that the Wife is disabled, has no work history, and receives monthly disability payments of $733. The Wife also cares for her adult disabled son from a prior relationship, as well as the parties' sixteen-year-old disabled son. Each son also receives a monthly disability payment of $733, which is paid to the Wife as head of household. The Husband is ordered to pay monthly child support to the Wife in the amount of $291. Therefore, the Family Court concluded the Wife's monthly income was $2490. Although the Wife testified that her monthly expenses were $4208.01, the Family Court gave a detailed account of why it concluded that the Wife's reasonable monthly expenses were only $2744.21, leaving the Wife with a monthly deficit of $254.21.

(3) Based on the Husband's testimony at the hearing, the Family Court found that the Husband, who worked a full-time job making $11 per hour, had a net monthly income of $1676. Because the Husband testified that he lived with his parents and did not pay rent and also received food stamps, the Family Court found that his reasonable monthly expenses were $210. Based on these findings, the

2

Family Court concluded that the Wife was dependent on the Husband for support, lacked sufficient property to provide for her reasonable needs, and was both unable to support herself through appropriate employment and was the custodian of a child whose condition made it appropriate that she not be required to work. Because the Husband had a monthly surplus of $1466, the Family Court ordered the Husband to pay alimony to the Wife of $254.21 per month for a period of six years. The Family Court also found the Husband's noncompliance with the discovery process provided an equitable basis for a limited award of attorney fees to the Wife for motions that she had filed related to discovery.

(4) On appeal from a Family Court decision regarding alimony, this Court reviews both the law and the facts, as well as the inferences and deductions made by the trial judge.[2] We review conclusions of law *de novo*.[3] If the Family Court correctly applied the law, we review under an abuse of discretion standard.[4] The Family Court's factual findings will not be disturbed on appeal unless those findings are clearly wrong and justice requires that they be overturned.[5] When the determination of facts turns on the credibility of the witnesses who testified under

[2] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).

[3] *Forrester v. Forrester*, 953 A.2d 175, 179 (Del. 2008).

[4] *Jones v. Lang*, 591 A.2d 185, 186-87 (Del. 1991).

[5] *Forrester v. Forrester*, 953 A.2d at 179.

oath before the trial judge, this Court will not substitute its opinion for that of the trial judge.[6]

(5)    In this case, the Husband does not argue, and the record does not reflect, that the Family Court incorrectly applied the law.  To the extent the Husband suggests that the Family Court erred in its findings of fact, he has failed to provide this Court with a transcript of the February 9, 2015 ancillary hearing. Accordingly, we have no basis to overturn the Family Court's factual findings on appeal.[7]  Under the circumstances, we conclude that the judgment below should be affirmed on the basis of, and for the reasons set forth in, the Family Court's twenty-one page decision dated May 5, 2015.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[6] *Wife (J.F.V) v. Husband (O.W.V., Jr.)*, 402 A.2d at 1204.

[7] Del. Supr. Ct. R. 9(e)(ii); Del. Supr. Ct. R. 14(e); *Tricoche v. State*, 525 A.2d 151, 154 (Del.1987) (The burden is on the appellant to produce "such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred.").